Chief Justice Robertson
delivered the Opinion of the Court.
Samson Archer—having title—sold and conveyed to Moses Hawkins, a parcel of land supposed to contain about nine acres, and described by designated courses, distances and corners^-among which are the following, that is, “thence north, 73° East, 50 poles, to a large black “ ash and sugar tree on Paxton’s line— thence, idth Paxton’s “ line, South, 17° East 54 2-10 poles, to the beginning.”
Some time after the date of that deed, Hopkins, having, in the mean time, discovered that the ash and sugar tree corners were not on Paxton’s line, ahd that, between Paxton’s line and a line run, as described in the deed, from those trees to the beginning, there was about one acre of land—disclosed those facts to Archer, and requested him to correct, by another conveyance, what he represented as a mistake in the first deed; and thereupon, for the sum of five dollars, Archer conveyed to Hopkins the interjacent acre of land.
Between the dates of those two deeds, Paxton had enclosed the land between the two lines, and was in the actual and adverse possession of it at the date of the last conveyance!
After these facts had been proved, and after it had been also proved, by the testimony of Archer himself, that, although he had not, by the first deed, “conveyed” to Hopkins the acre in contest, yet he had intended to do so, and, supposing that the ash and sugar tree, were on Paxton’s line, had not doubted, until after the execution of that deed-, that he had done so, and that upon a representation ‘of the foregoing facts, he had, for five dollars, made the last deed—the circuit judge, being of the opinion, that this last conveyance was champertous and void. *37 excluded it from the jury, and being also of the opinion, that the first deed does not include the land in contest, instructed the jury to find as in case of a non-suit, a verdict and judgment, having been accordingly rendered against Hopkins, he prosecutes this writ of error.
We are satisfied that the first deed does not, according to the true legal-effect, include the land claimed in this suit. But whether the last conveyance was void or not, depends on facts which the jury had a right to consider.
If, in fact, Archer had sold to Hopkins the slip of land (included in the last deed alone,) and had intended to convey it by the first deed, the last conveyance was not a violation of the law against champerty. This point was, virtually so decided by this Court, in the case of Saunders’ Heirs vs. Groves, (2 J. J. Mar. 408.) In that case, the Court said—“The object of the act was to prevent “champerty: It was not to prevent the fulfilment of preexisting bona fide contracts, nor the enforcement of “ equitable obligations.—-The act was framed to frustrate “ the mischievous schemes of the litigious and speculating, “ by proscribing contracts for purchasing pretended “ claims to land. It operates on the motives of men. It “ is addressed to those who are about to buy or sell for the “ mere purpose of gain. The parties to this deed have “neither bought nor sold; the one has only restored to “ the other that which he was under a clear, moral and “ equitable obligation to return to him.’V-“To apply “ the doctrine or the penalties ofehamparty to such a caso “would pervert its aim, from the prevention of mischief, “to the punishment of just and meritorious acts, which “ all laws should protect and encourage.”
If then there was such mistake in the first deed as Hopkins alleges and has tried to prove, the last deed for correcting that mistake and effectuating the intentions of the parties in a -bona fide contract of sale, made when there was no adverse possession, was not champertoüs, but valid and legal. Whether there were such a mistake and such an understanding when the first deed was made, and whether, at that time also, there was an adverse possession, are facts which, whatever may be the *38 true effect of the evidence, the jury, and not the Court, had the right to decide.
Without intending to intimate any opinion as to the true effect of the testimony, we arc, therefore, of the opinion that the circuit judge erred in excluding the last deed, and in deciding peremptorily, as a matter of law, that it was champprtous and void. He ought only to. have instructed the jury as to the law on a hypothetical-state of fact, and have left them free to ascertain the. fact.
Wherefore, the judgment is reversed, and the causé remanded, for anew trial.