## Elizabeth Curtis, et al., *v.* G. B. Kinkead's Ex'x.

[Abstract Kentucky Law Reporter, Vol. 2—60.]

**Description of Real Estate Conveyed.**

> In construing conveyances the natural objects or monuments called for in the description must prevail over a specific description of that locality contained in the conveyance.

### APPEAL FROM FAYETTE CIRCUIT COURT.

December 9, 1880.

Opinion by Judge Cofer:

The deed from Harrison to Kelley calls to run back "until it reaches the plank fence separating the lot from the lot annexed to the house on Short street," etc., and then describes the location of the fence as "on a straight line with the northeastern side of an alley which connects the rear of the lot now conveyed with the alley reaching from Main to Short street." The alley here referred to is probably that purchased of Hilton or Hilton & Bradley. This indicates that the plank fence was on an extension of the northeastern line of the alley, and rather tends to preclude the idea that the fence extended along an alley. And such was the fact, whether the fence was on one side or the other of the slip now in controversy.

The question, as it seems to us, is one of fact. Did the fence called for stand on the northeastern or on the southwestern side of the land in contest. The location of the fence must determine the location of the line. If it in fact stood on the southwestern side, the statement in the deed must give way to that fact. *Baxter v. Evett,* 7 T. B. Mon. 329.

The evidence shows without contradiction that at the time the deed was made there was a plank fence on the southwestern side of the alley, or rather on a prolongation of the line of the alley, and that there was no such fence on the northeastern side. In such a case the natural location of the object called for must prevail over the description of that locality as contained in the deed. *Hopkins v. Paxton,* 4 Dana 36.

That the object called for is artificial and not natural does not alter the rule. Each is but evidence of the actual abuttals. One

may furnish a higher degree of evidence than the other, in ordinary cases, but in this case there is no room to doubt that the plank fence and the only plank fence on the prolongation of the Hilton & Bradley alley was on the southwest side; and the case is as strong as if the call had been to a tree on the line with the northeastern side of the alley and to run thence to another tree also on a line with the alley, and it had then been stated that both trees stood on a straight line with the northeastern side of the alley. In such a case it would hardly be contended that if the evidence showed clearly and without contradiction that the trees stood on a straight line with the southwestern side of the alley that the grantee would be entitled to hold to the northeastern side.

The coal houses could hardly have been described as a plank fence, and especially in view of the fact that there was a fence only four feet from them which, had the intention been to run the coal house, would at once have suggested the necessity to describe the line as running to the houses and not as running to the fence. Nor does the use of the words "and also the alley", etc., militate against this conclusion.

As already intimated the deed does not describe nor refer in terms to an alley separating the lot sold to Kelly from that sold to Kinkead. The statement that the plank fence is on a straight line with the northeastern side of the alley tends to exclude the idea that the fence run along the alley referred to, and consequently leads to the conclusion that the alley intended by the words, "and also the alley which connects," etc., is the alley lying between the lot now owned by Thompson and Boyd and that owned by Goodloe.

But when the deeds are viewed in the light of the parol evidence, and of the evident design of Harrison in purchasing the Hilton alley, we incline to the opinion that the alley extending from the engine house to Bank alley should be treated as an easement to both lots.

The judgment accords with these views, and is *affirmed.*

*Buckner & Allen, for appellants. Geo. W. Darnall, for appellee.*